UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| STRIKE 3 HOLDINGS, LLC,<br><br>         Plaintiff,<br><br>v.<br><br>JOHN DOE subscriber assigned IP address 172.116.115.172,<br><br>         Defendant. | Case No.: 22-CV-661 TWR (DEB)<br><br>**ORDER GRANTING PLAINTIFF'S EX PARTE APPLICATION FOR LEAVE TO FILE UNREDACTED VERSIONS OF PLAINTIFF'S FIRST AMENDED COMPLAINT, PROPOSED SUMMONS, AND RETURN OF SERVICE UNDER SEAL**<br><br>(ECF No. 11) |

   Presently before the Court is Plaintiff Strike 3 Holdings, LLC's *Ex Parte* Application for Leave to File Unredacted Versions of Plaintiff's First Amended Complaint, Proposed Summons, and Return of Service under Seal. (ECF No. 11, "*Ex Parte* Application.") Plaintiff's *Ex Parte* Application requests these documents be filed under seal on the basis that they contain Defendant's name, address, and additional factual information that directly links Defendant to the alleged infringement in this case relating to adult films. (*Id.* at 2.)

   Courts have historically recognized a "general right to inspect and copy public records and documents, including judicial records and documents." *Nixon v. Warner*

*Commc'ns, Inc.*, 435 U.S. 589, 597 & n.7 (1978). "Unless a particular court record is one 'traditionally kept secret,' a 'strong presumption in favor of access' is the starting point." *Kamakana v. City & Cnty. of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006) (quoting *Foltz v. State Farm Mut. Auto. Ins. Co.*, 331 F.3d 1122, 1135 (9th Cir. 2003)). To overcome this strong presumption, a party seeking to seal a judicial record must articulate compelling justifications for sealing that outweigh the public policies favoring disclosure. *See Kamakana*, 447 F.3d at 1178–79. "In turn, the court must 'conscientiously balance[] the competing interests' of the public and the party who seeks to keep certain judicial records secret." *Id*. at 1179 (citation omitted).

Here, the Court agrees with Plaintiff and finds that despite the generally recognized right to inspect records and documents in this country, Plaintiff has overcome this strong presumption of access by providing compelling reasons to seal. *See Nixon*, 435 U.S. at 597 & n.7; *see also Pintos v. Pac. Creditors Ass'n*, 605 F.3d 665, 677–78 (9th Cir. 2010) (holding that a "compelling reasons standard applies to most [motions to seal] judicial records" (internal quotation marks omitted)). The documents Plaintiff wishes to seal include information regarding Defendant's identity, address, and other personal information. Given that the subject matter of the alleged infringement is adult films, there are valid privacy concerns for Defendant. Additionally, Plaintiff has filed a redacted version of the First Amended Complaint (ECF No. 10), so the public is able to access all available information regarding this action, apart from Defendant's identity, address, and personal information. In balancing the need for the public's access to information and Plaintiff's interest in keeping this information private, the Court finds in favor of sealing, at least at this early stage of the litigation. However, the Court will reevaluate this issue after Defendant has entered an appearance.

Accordingly, the Court **GRANTS** Plaintiff's *Ex Parte* Application as follows. The Seal Clerk is **ORDERED** to file the unredacted First Amended Complaint, proposed Summons, and Return of Service (ECF No. 12) **UNDER SEAL**. After Defendant enters an appearance in this case, Plaintiff and Defendant **SHALL FILE** a renewed motion to

seal no later than thirty (30) days after the date Defendant enters an appearance. *If no renewed motion to seal is filed within thirty days after Defendant enters an appearance, the Court may order all sealed documents in this action to be unsealed without further notice to the parties.*

**IT IS SO ORDERED.**

Dated: November 18, 2022

_____
Honorable Todd W. Robinson
United States District Judge